975 So.2d 590 (2008)
Jeffrey Alan BUTTS, Appellant,
v.
STATE of Florida, Appellee.
No. 2D07-776.
District Court of Appeal of Florida, Second District.
February 29, 2008.
*591 James E. Felman and Katherine Earle Yanes, of Kynes, Markman & Felman, P.A., Tampa, for Appellant.
Bill McCollum, Attorney General, Tallahassee, and Jonathan P. Hurley, Assistant Attorney General, Tampa, for Appellee.
DAVIS, Judge.
Jeffrey Alan Butts appeals his convictions for reckless driving and culpable negligence. Although he was originally charged with vehicular homicide and manslaughter while operating a motor vehicle, the jury returned convictions on the lesser included charges. He does not contest the sentence imposed on either of the two convictions. Because we conclude that admission of portions of the widow's testimony was harmful, reversible error, we reverse and remand for a new trial on the charges of reckless driving and culpable negligence.
The charges resulted from a tragic motor vehicular accident that occurred as Butts was traveling north on Interstate 75 when he struck the rear of a motorcycle driven by Robert Seborowski. Seborowski suffered from skin abrasions and a laceration and was transported to the hospital. However, as a result of his hospitalization, it was discovered that Seborowski suffered from several other medical conditions of which he was not aware and for which he was not being treated. These conditions included hypertension, diabetes, and severe coronary heart disease. While hospitalized, Seborowski suffered serious cardiac complications and died eight days later as the result of a pulmonary thromboembolism, which is a blood clot, commonly from the leg, that breaks loose and travels to the lung, causing blockage of an artery.
After Seborowski's death, the State filed an information charging Butts with vehicular homicide and manslaughter while operating a motor vehicle. According to the State's theory, Butts caused the accident by recklessly driving at an excessive rate of speed, frequently changing lanes, and striking the victim's motorcycle from the rear at a time when the motorcycle was traveling at a speed under the posted speed limit. This theory was based on the eyewitness testimony of four lay witnesses.
At trial, the State presented the testimony of the four lay witnesses, a traffic homicide investigator, and the victim's wife. On appeal, Butts challenges the testimony of the investigator and Mrs. Seborowski.
The four lay eyewitnesses gave conflicting testimony regarding what actually happened at the time of and immediately preceding the accident. The State's traffic homicide investigator testified that in her opinion this was a case of vehicular homicide, and the victim's wife testified that Seborowski did not know of his other medical conditions, that she would only receive $50,000 as a settlement from the insurance company, and that Seborowski had been very active before the accident. She also became so emotional on the stand that the trial court found it necessary to call a temporary recess. Butts then presented the testimony of his accident reconstruction expert, who testified that based on his evaluation of the physical evidence, the State's theory of the accident was in error.
Although there was no disagreement at trial regarding the fact that Butts did strike the motorcycle from behind, the jury was presented with a contested set of facts as to exactly how the motorcycle was struck and the nature of Butts' driving at *592 the time of the collision. Similarly, although the question of whether the accident was the cause of the victim's death was not raised, the jury was advised as to the nature of the injuries the victim sustained in the accident, the status of his physical condition, and the cause of his death. The jury was also advised that the burden was on the State to prove each element of each offense and that an element of each of the charges against Butts was that the victim's death was the result of Butts' conduct.
The jury returned verdicts acquitting Butts on both of the felonies but finding him guilty of the misdemeanor lesser included charges for each count. It is these misdemeanor convictions that Butts now appeals.
Butts argues that the trial court erred in allowing the victim's widow to testify over his objection. Butts attacks the relevancy of any of the widow's testimony; however, he particularly objects to her statement at trial that she had settled with Butts' insurance company for $50,000. Because we find this to be reversible error, we need not address Butts' remaining challenges to the widow's testimony.
When the widow testified at trial that the insurance company already had settled the case for $50,000, the clear implication was that someone else had investigated these facts and had determined that Butts was liable. See Keen v. State, 775 So.2d 263, 274 (Fla.2000) ("`[T]he clear inference to be drawn from [Amabile's] testimony' was that the insurance industry with its resources had investigated the disappearance and discovered a murder. . . ." (second alteration in original)). However, Butts was unable to refute that implication because he could not cross-examine the widow as to the motivation of the insurance company in entering the settlement. Thus the jury was improperly led to believe that the insurance company had uncovered reliable evidence of Butts' guilt. As such, this testimony was not merely irrelevant; it was prejudicial to Butts.
The State argues that even if admission of this testimony was error, it was harmless. We disagree. We cannot say beyond a reasonable doubt that the verdict would have been the same had the jury not been advised of this settlement. See State v. DiGuilio, 491 So.2d 1129 (Fla.1986). First, the jury was presented with conflicting testimony as to Butts' driving immediately preceding the accident. The State's eyewitnesses contradicted each other in several important respects. Their testimony was then rebutted by Butts' expert, who opined that based on his evaluation of the damages and his calculations as an accident reconstructionist, Butts could not have been traveling at the speed attributed to him by some of the State's witnesses. For a jury attempting to reconcile this conflict, the existence of evidence that the insurance company's independent investigator already had determined that Butts was at fault to some degree could have been the crucial factor in the decision to return guilty verdicts on reckless driving and culpable negligence, both of which required proof of improper driving by Butts. Additionally, the emotional impact of a widow, after testifying as to the length and quality of her marriage to the victim, telling the jury that she received $50,000 less the attorney's fee as her settlement and that "that was all there was to get" is unpredictable. For these reasons, we conclude that the error was not harmless, that the convictions must be reversed, and that the case must be remanded for a new trial. We need not address the remaining arguments regarding other portions of the widow's testimony.
Although Butts also argues that the trial court erred in accepting the traffic homicide *593 investigator as an expert in accident reconstruction and admitting her testimony that the proper charge was vehicular homicide, we need not address this issue. Because the jury acquitted Butts of vehicular homicide, the charges to be tried on remand will be limited to the misdemeanors of reckless driving and culpable negligence, making irrelevant the traffic investigator's determination that vehicular homicide was the correct charge.[1] Moreover, since all of the widow's testimony was admitted, as argued by the State, to address issues regarding the victim's injuries and ultimate death, her testimony will be irrelevant on retrial because the victim's death will not be at issue.
Reversed and remanded for retrial on the charges of reckless driving and culpable negligence.
NORTHCUTT, C.J., and WHATLEY, J., Concur.
NOTES
[1] The investigator testified that she made no calculations and applied no scientific principles in reaching her "conclusion" that the proper charge was vehicular homicide. At retrial, should the State again attempt to qualify her as an expert in accident reconstruction, the trial court would be required to determine that her opinion was in fact relevant to an issue susceptible of an expert's testimony, i.e., an issue beyond the knowledge of the lay juror. If, in fact, her opinion is solely based on her review of the witness' statements and her interview of witnesses, such would not qualify as an expert's opinion.